UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISIOIN

**ASHLEY CROSS**                                                             **PLAINTIFF**

v.                                                                       CAUSE NO. 3:26-cv-76-HTW-LGI

**CITY OF JACKSON, INTERIM CHIEF**
**of POLICE TYREE JONES in his official and**
**individual capacities, and JOHN/JANE DOES 1-10**
**in their official and individual capacities**                      **DEFENDANTS**

<u>**COMPLAINT**</u>
**JURY TRIAL DEMANDED**

**COMES NOW** the plaintiff, Ashley Cross, through counsel, and files this complaint seeking relief for injury she suffered at the hands of the defendants for violating her rights under the Family and Medical Leave Act (FMLA) of 1993, 29 U.S.C. §§ 2601 *et seq* and 29 C.F.R. §§ 825.100 *et seq*, and for violation of her Due Process right before termination from her employment and would show unto the Court the following, *to wit*:

<u>**Parties**</u>

1. The plaintiff is a resident of Hinds County, Mississippi, and for all times relevant to this lawsuit was employed as a police officer for the City of Jackson, Mississippi. She began working for the City of Jackson on or about January 3, 2021, and worked well over 1,250 hours during the previous 12-month period preceding her termination, thus is an eligible employee under the FMLA, 29 U.S.C. § 2611(2)(A).

2. Defendant City of Jackson, Mississippi, is a political subdivision of the State of Mississippi who employed the plaintiff as a police officer at all times relevant to this lawsuit. The City of Jackson is an employer under the FMLA and meets the definition of "public agency" consistent with 29 U.S.C. § 2611(4)(A)(iii) and 29 U.S.C. § 203(x). The City of

Jackson may be served via its mayor or city clerk at 219 S. President Street, Jackson, MS 39201.

3. Defendant Chief Tyree Jones is the interim Chief of Police of Jackson, Mississippi, and is head of the Jackson Police Department, who employed the plaintiff as a police officer and is liable in his official capacities. He is an employer under the definition of 29 U.S.C. § 2611(4)(A)(ii)(I). He may be served at the Jackson Police Department at 327 E. Pascagoula Street, Jackson, MS 39205, or wherever found.

4. Defendants John/Jane Doe 1-10 are believed to be current or former employees of the City of Jackson, Mississippi, who were involved in the injuries to the plaintiff as described herein, and will be named as their identities become known.

## Jurisdiction and Venue

5. This Court has Federal Question Jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1391 and the FMLA, 29 U.S.C. §§ 2601 *et seq*.

6. Venue before this Court is also proper per 28 U.S.C. § 1391(b) because the injuries to the plaintiff occurred within the Northern Division of the United States District Court of the Southern District of Mississippi.

## Facts

7. The plaintiff worked as a patrol officer for the City of Jackson Police Department and had worked in this capacity for several years before these events.

8. On or about July 1, 2025, the plaintiff was notified by the City of Jackson that she was approved for FMLA leave through August 1, 2025. On July 31, 2025, the plaintiff provided the City of Jackson documentation from her physician that she needed to be off of work for more time, from July 31, 2025, until September 25, 2025.

9. The plaintiff received documentation dated August 13, 2025, that she was eligible for FMLA leave due to "[her] own serious health condition". The plaintiff further received a Designation Notice under the FMLA dated August 12, 2025, detailing approval for FMLA leave.

10. By a letter dated September 16, 2025, well before her date to return to duty, Interim Chief of Police Tyree Jones notified the plaintiff in writing via Sgt. A. White that the department learned the plaintiff was working a part-time job that "closely mirror[ed] many of the essential functions of [her] position with the Jackson Police Department, raising significant concerns about the validity of [her] continued absence from [her] official duties." The letter did not specify what the job duties were that the chief believed mirrored duties of a police officer.

11. The plaintiff worked for private security company managed by at least one member of the Jackson Police Department command staff, who knew or should have known of this employee relationship when it began.

12. The plaintiff's duties as a security officer did not closely mirror those of a police officer. The duties did not entail the plaintiff responding to emergency or non-emergency calls for service. They did not entail chasing, restraining, or arresting suspected criminals. The employment did not entail the plaintiff's involvement in high-stress situations, dealing with crime perpetrators, crime victims, death and injury, etc. The extent of the security job was observing and reporting suspicious persons/situations to the local police, which, depending on location, might have been the Jackson Police Department.

13. The termination letter was signed by the interim Chief of Police, Tyree Jones, who is the head of the department. However, the termination process, as well as the FMLA facilitating

processes, involves more people than the chief of police. Further investigation will identify other culpable parties currently identified as John/Jane Does 1-10.

## Violation of the FMLA

14. Cross provided proper documentation and was approved for FMLA. While on this leave, the defendant(s) wrongfully terminated her employment in violation of the law.

15. Cross had properly documented a personal medical issue that justified her leave. The City of Jackson received this documentation and authorized her leave in writing to her.

16. The City of Jackson insinuated that she was working another job similar in duties to her job as a police officer, which as explained above was not correct. The job she was working was as a security guard with duties distinctly different from those she performed as a police officer.

## Violation of Due Process During Termination

17. Cross was a full civil service employee, acknowledged as such in the termination letter, who under federal law is entitled to pre-termination due process.

18. Chief Tyree Jones notified Cross she was fired on September 16, 2025. Jones' letter did not give Cross any due process before her termination. She was not afforded a hearing or notice with which to respond in writing before being fired. There were no extraordinary circumstances that would justify immediate termination.

19. Jones' letter stated that Cross could attend a post-termination hearing to be held on September 23, 2025, at 9:00 am. Cross appeared and was forced to sit in a hallway outside of the Chief of Police's office suite while waiting to be heard. Cross waited until 9:30 am without being admitted to the meeting, though the Chief of Police and other city employment dignitaries known to frequently participate in these meetings gathered at 9:00 am. No reason

was given for the delay. Cross' due process rights were further violated by the Chief of Police not ensuring the meeting proceeded at 9:00 am.

### Prayer for Relief

20. The plaintiff prays the Court find on her behalf and will award her:

    a. reinstatement as a City of Jackson Police Officer,

    b. actual damages calculated for losses incurred by her being fired,

    c. punitive damages as allowed by law to discourage this practice from occurring again,

    d. reasonable attorney fees and expenses,

    e. interest on any award as allowed by law, and

    f. what other relief may be considered appropriate.

### Conclusion

21. Ashley Cross prays this Court will take this pleading well and allow for this matter to be heard before a jury of the plaintiff's peers. Further, Cross prays this Court will allow for the proper relief if for not specifically pled.

SO SUBMITTED THIS the 3rd day of February, 2026,

              Ashley M. Cross

           By: */s/ Francis S. Springer*, Her Attorney

Francis S. Springer
MSB 103974
Springer Law Office, PLLC
641 Lakeland East Drive
Flowood, MS 39232-9002
Phone 601-605-5004
Fax 601-436-3374
Email springerlawoffice@gmail.com